**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEVEN FISHOFF. | Criminal Action No. 15-586 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court on two motions. Defendant Steven Fishoff ("Defendant" of "Fishoff") moves for an order confirming that Paul Petrello ("Petrello") waived any otherwise applicable attorney-client privilege to certain documents he produced to the Government. (ECF No. 55-1.) The Government opposed the motion (ECF No. 68), and Defendant replied (ECF No. 69.) Additionally, Petrello moves for leave to intervene for the limited purpose of opposing Defendant's motion.[1] (ECF No. 59.) Defendant opposed Petrello's motion (ECF No. 61), Petrello replied (ECF No. 62), and Defendant moved to file a sur-reply to address the new arguments raised in Petrello's reply brief (ECF No. 64).

### I.    Background

By criminal complaint, dated May 29, 2015, Defendant, Petrello, Ronald Chernin, and Steven Costantin were each charged with one count of conspiracy to commit securities fraud and four counts of insider trading. *United States v. Fishoff, et al.*, No. 15-3622 (D.N.J. May 29, 2015). On June 3, 2015, all four defendants were arrested, *id.*, and a civil complaint was filed against them, *Securities and Exchange Commission v. Fishoff, et al.*, No. 15-3725 (D.N.J. June 3, 3015).

---

[1] Petrello filed a brief in opposition to Defendant's motion for the Court to consider should it grant Petrello's motion to intervene. (ECF No. 67-1.)

On October 27, 2015, Petrello entered into a plea agreement with the Government, and on February 19, 2016, he pled guilty to one count of conspiracy and one count of securities fraud. Defendant was indicted, resulting in the present action. In cooperation with the Government, Petrello consented to the Government's search of two e-mail addresses and his computer's hard drive.

## II.    Motion for Leave to Intervene for a Limited Purpose

Petrello moves for leave to intervene for the limited purpose of opposing Defendant's motion for an order confirming Petrello's waiver of privilege pursuant to Federal Rule of Civil Procedure 24(a)(2) or 24(b)(2). (Petrello's Moving Br. 1, ECF No. 59-1.) Specifically, Petrello argues that he may intervene as of right under Rule 24(a)(2) because his motion is timely, he has a sufficient interest, Defendant's motion threatens his right to protect his attorney-client privilege, and the Government may not adequately protect his rights. (*Id.* at 2-5.) Petrello also argues that, in the alternative, the Court should grant permissive intervention under Rule 24(b). (*Id.* at 6.) In opposition, Defendant argues that Petrello's motion for leave to intervene should be denied because he provides no basis for intervention in a criminal matter and the only authority relied on by Petrello in his moving papers is Federal Rule of Civil Procedure 24, and civil cases citing thereto. (Def.'s Opp'n Br. 1, ECF No. 61.) On reply, Petrello argues that "[t]he Third Circuit, as well as numerous other courts, have recognized that a third party may intervene in a criminal proceeding to assert rights relating to the attorney-client privilege."[2] (Petrello's Reply Br. 1, ECF No. 62.) On sur-reply, Defendant argues that Federal Rule of Civil Procedure 24 is clearly inapplicable in a criminal matter and the criminal cases on which Petrello relied upon in his reply

---

[2] Because for the first time on reply Petrello cited case law dealing specifically with intervention in criminal proceedings, the Court will grant Defendant's motion for leave to file a sur-reply (ECF No. 64) and consider the sur-reply in deciding the motion (ECF No. 64-1).

2

brief are distinguishable because they dealt with third parties challenging subpoenas under Federal Rule of Criminal Procedure 17. (Def.'s Sur-Reply Br. 2-9, ECF No. 64-1.)

Defendant is correct that "[t]here is no provision in the *Federal Rules of Criminal Procedure* for intervention by a third party in a criminal proceeding; intervention in civil proceedings is governed by Rule 24 of the *Federal Rules of Civil Procedure,* which does not apply in a criminal case." *United States v. Rashid*, No. 95-7396, 2009 WL 723382, at *3 (E.D. Pa. Mar. 17, 2009) (criminal forfeiture proceeding) (quoting *United States v. Kollintzas*, 501 F.3d 796, 800 (7th Cir. 2007) (civil garnishment proceeding)). Despite there not being any specific criminal rule on intervention, "motions to intervene in criminal proceedings have been granted in limited circumstances where 'a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case.'" *United States v. Collyard*, No. 12-0058, 2013 WL 1346202, at *2 (D. Minn. Apr. 3, 2013) (quoting *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004)). As such, "third parties have been permitted to intervene in criminal proceedings to challenge a discovery request on grounds of privilege." *Id.* (citing *United States v. Bergonzi*, 216 F.R.D. 487 (N.D. Cal. 2003); *United States v. Cuthbertson*, 651 F.2d 189, 193 (3d Cir. 1981)).

Here, the Court disagrees with Defendant's narrow interpretation of the Third Circuit's decision in *Cuthbertson*, that only a third party subject to a Rule 17 subpoena may seek to intervene in a criminal proceeding. In *Cuthbertson*, the Third Circuit found that "persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders." *Cuthbertson*, 651 F.2d at 194 (internal quotation marks omitted). Here, Defendant's discovery motion concerns materials Petrello turned over in the course of the criminal investigation, and Petrello retains a property interest in those materials. Additionally, Defendant's

3

discovery motion seeks to confirm waiver of Petrello's attorney-client privilege in those materials. Therefore, as Petrello has a property interest in the allegedly privileged materials, Petrello may intervene for that limited purpose.

### III. Motion to Confirm Waiver of Privilege

Defendant argues that this Court should order that Petrello waived attorney-client privilege by producing: (1) "two entire e[-]mail accounts, hiyldbonds@aol.com and ppetrello@bloomberg.net, to the Government which in turn produced all communications from those two e[-]mail accounts to the Securities and Exchange Commission and, later, to Mr. Fishoff's counsel"; and (2) "his entire computer to the Government, and permitting the Government to make a forensic copy of the entire computer hard drive." (Def.'s Moving Br. 1, ECF No. 55.) Specifically, Defendant argues that Petrello's attorney's after-the-fact Rule 502(e) correspondence to the Government limiting the Government's review and use of the e-mail messages does not limit the impact of the waiver to other non-parties.[3] (*Id.* at 1-2.) Therefore, Defendant seeks permission to review and utilize any and all e-mail messages produced by Petrello.

In opposition, the Government argues that Defendant's motion "is based on the incorrect position that Petrello intentionally disclosed attorney-client communications to the United States." (Gov't's Opp'n Br. 12, ECF No. 68.) Instead, the Government and Petrello argue that the United States never had access to the privileged e-mail messages because of the claw-back agreement entered into between the parties. (*Id.* at 11-12; Petrello's Opp'n Br 2-5, ECF No. 67-1.) Through the claw-back agreement, the Government and Petrello argue that Petrello affirmatively preserved

---

[3] The Court is not persuaded by Defendant's argument that Rule 502(e) should apply in this context, because Petrello's June 25, 2015 correspondence specifically stated he was not waiving any privilege. *See* Fed. R. Evid. 502(2), advisory committee's notes ("Subdivision (e) codifies the well-established proposition that parties can enter an agreement to limit **the effect of waiver** by disclosure between or among them.") (emphasis added).

4

privilege, and the "only inadvertent production in this case was the United States' inadvertent production of Petrello's potentially privileged e[-]mail communications to [Defendant's] attorneys and the SEC." (Gov't's Opp'n Br 20; *see also* Petrello's Opp'n Br. 5-9.)

Pursuant to Federal Rule of Evidence 502(b), a disclosure of otherwise privileged material does not operate as a waiver of such privilege in a federal proceeding if: "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)."[4] Fed. R. Evid. 502(b). When determining whether a production was inadvertent, the Court must conduct a two-step analysis. First, the Court must determine that the document produced was protected by a privilege. Second, the Court must determine whether the three elements in Rule 502(b) are met, so that the privilege is not waived.

Here, on June 22, 2015, Petrello agreed to turn over two e-mail accounts and a forensic copy of his hard drive to the Government in cooperation with the criminal charges brought against him. (Decl. of AUSA Shirley U. Emehelu ("AUSA Decl.") ¶3, Ex. 1, ECF No. 68-1.) By correspondence dated June 25, 2015, counsel for Petrello expressly stated that "Petrello is not waiving any rights he has to preclude the DOJ from reviewing or utilizing any privileged communications, including communications subject to the attorney-client privilege." (Aff. of Steven D. Feldman ("Feldman Aff.") ¶ 6, Ex. A, ECF No. 55-3; AUSA Decl. ¶ 4, Ex. 2.) The

---

[4] The Government argues that Petrello's production was neither intentional nor inadvertent based on the written agreement between the Government and Petrello pursuant to Rule 502(d). Pursuant to Rule 502(d), "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court--in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). Here, because it is not clear that Petrello's disclosure to the Government was "connected with the litigation pending before the court," the Court instead will apply the test from Rule 502(b) to this case.

correspondence additionally provided the names of Petrello's attorneys and stated that if the Government "determines that an e[-]mail is between Mr. Petrello and one of these attorneys, or another attorney, the e[-]mail [is] not [to] be reviewed and it [is to] be marked as privileged." (*Id.*) By correspondence dated July 7, 2015, the Government agreed to review the information provided by Petrello in accordance with the parameters set forth in the June 25, 2015 correspondence. (Feldman Aff. ¶15, Ex. B, ECF No. 55-4; AUSA Decl. ¶ 5, Ex. 3.) Thereafter, the Government produced the allegedly privileged material to the Securities and Exchange Commission and Fishoff.

As no party contests that the materials in question are subject to the attorney-client privilege, for the sake of this analysis only, the Court will assume that the e-mail messages at issue are protected by the attorney-client privilege. As to the Rule 502(b) factors, the Court finds that Petrello's disclosure was inadvertent, in that he sought to quickly cooperate with the Government due to the pending criminal charges against him and the pending charges against his co-conspirators. Second, Petrello through the June 25, 2015 correspondence, adequately took steps to protect himself against any inadvertent disclosure due to the nature of electronically stored information. Lastly, Petrello's counsel quickly followed-up with the June 25, 2015 correspondence to set-up a claw-back agreement, similar to the procedures in Federal Rule of Civil Procedure 26(b)(5)(B), in which the Government was to mark any privileged documents as such and not review them. *See* Fed. R. Civ. P. 26(b)(5)(B) ("If information produced in discovery is subject to a claim of privilege . . . , the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information . . . ."). Therefore, the Court finds that Petrello did not waive privilege as to the e-mail messages produced to the Government. In addition, the

Government cannot waive Petrello's attorney-client privilege, because "only the client is the holder of the attorney-client privilege and only the client may waive such privilege." *Kearney Partners Fund, LLC v. United States*, No. 11-4075, 2012 WL 8134754, at *2 (D.N.J. July 13, 2012) (citing *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 90 (3d Cir. 1992)).

Finally, the Court is not persuaded by Defendant's argument that the Government's *Brady* obligations extend to the otherwise privileged e-mail messages. The Third Circuit has held that under *Brady v. Maryland*, 373 U.S. 83 (1963), "the prosecution is obligated to produce certain evidence actually or constructively in its possession or accessible to it." *United States v. Perdomo*, 929 F.2d 967, 970 (3d Cir. 1991). The privileged e-mail messages do not fall under the Government's *Brady* obligation because the Government is not in actual or constructive possession of the documents as those documents were sequestered pursuant to the agreement between Petrello and the Government.

Accordingly,

IT IS on this 16th day of August 2016, **ORDERED** that:

1. Petrello's motion for leave to intervene (ECF No. 59) is GRANTED; and

2. Defendant's motion for an order confirming waiver of privilege (ECF No. 55-1) is DENIED.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE