

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*   973-645-2700
*Newark, New Jersey 07102*

February 21, 2019

<u>Electronically Filed</u>

The Honorable Michael A. Shipp
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

        Re:    <u>*United States v. Steven Fishoff,* Crim. No. 15-586</u>

Dear Judge Shipp:

      The United States writes to inform the Court of the status of Petitioner Susan Fishoff's Verified Petition styled as a Motion to Set Aside Forfeiture (Doc. No. 148), and the United States' disposition of Ms. Fishoff's Petition.

**Background**

      On November 13, 2015, a federal grand jury sitting in Newark returned a five-count Indictment charging defendant Steven Fishoff ("Fishoff")—Susan Fishoff's husband—with conspiring to commit securities fraud and substantive acts of securities fraud, in connection with Fishoff's orchestration of an insider trading scheme.  (See Indictment, Crim. No. 15-586 (MAS) (Doc. No. 43)).  On July 21, 2017, the government filed a civil forfeiture case against the contents of three accounts that the government alleged to have been proceeds of the charged insider trading scheme and involved in money laundering. (See *United States of America v. The Contents of Wedbush Securities Account Number 8318 et al.*, Civil Action No. 17-cv-5334 (MAS) (the "Parallel Civil Forfeiture Action")).

      On or about March 9, 2018, defendant Steven Fishoff pleaded guilty pursuant to a plea agreement with the United States to Count Four of a five-Count Indictment, Crim. No. 15-586, which charged him with committing securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78(ff), 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2 (Count Four).  As part of his plea agreement,

Fishoff agreed to forfeit all of his interest in the property named in the civil forfeiture case. The plea agreement signed by Fishoff specifically stated that:

> Fishoff, individually and on behalf of Featherwood Capital Inc., which Fishoff represents is wholly owned and controlled by him ("Featherwood"), consents to the forfeiture of the defendants in rem named in the Verified Complaint filed in the Parallel Civil Forfeiture Action (hereinafter referred to collectively as the "Forfeitable Property"), and waives and abandons all right, title, and interest in the Forfeitable Property. On or before the date of the guilty plea proceeding, Fishoff, individually and on behalf of Featherwood, will execute a Stipulation and Order of Settlement in the Parallel Civil Forfeiture Action which will include the withdrawal of any claims Fishoff filed individually or on behalf of Featherwood and his consent to the forfeiture of the Forfeitable Property pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(A).

To that end, the Stipulation and Settlement entered into in the civil forfeiture case by the United States and Fishoff, individually and on behalf of Featherwood Capital, stated that the parties to the stipulation agreed that "the defendant property shall be forfeited to the United States of America for disposition according to law." (See 17-cv-5334, Doc. No. 8).

**Case Law Regarding Parallel Civil and Criminal Forfeiture**

It is well-settled that the government may elect whether to pursue forfeiture through either a criminal case or a civil case. The choice of proceeding with a forfeiture either civilly or criminally is the Government's prerogative. *United States v. Torres,* 2015 WL 505596, *4-5 (D. Neb. Feb. 6, 2015) ("Civil forfeiture proceedings and criminal proceedings are merely different aspects of a single prosecution. . . . It is the Government's prerogative to pursue civil or criminal forfeitures or both."); *United States v. White,* 2014 WL 3898378 (D. Md. Aug. 7, 2014) (explaining the differences between administrative, civil and criminal forfeiture and holding that the Government has the right to choose which to pursue); *United States v. Ray,* 2011 WL 5320667, *1 (S.D. Ala. Oct. 28, 2011) (when defendant's non-innocent spouse files a claim in the ancillary proceeding, Government files a parallel civil forfeiture action and court dismisses the claim in the ancillary proceeding under Rule 32.2(c)(1)(A) so that the spouse's interest is litigated only once); *Cassell v. United States,* 348 F. Supp. 2d 602, 606 (M.D.N.C. 2004) (Government has the option of pursuing forfeiture criminally or civilly; Rule 41(g) motion based on contention that default judgment in the civil case was invalid because Government should have forfeited property criminally is denied).

Likewise, it is similarly well-settled that, the government may switch from one form of forfeiture to the other. *See United States v. Leyland*, 277 F.3d 628, 633 (2d Cir. 2002) (there is nothing improper about beginning forfeiture as an allegation in a criminal indictment, and then switching to civil forfeiture); *United States v. One 1978 Piper Cherokee Aircraft*, 91 F.3d 1204, 1206 (9th Cir. 1996) (after obtaining criminal forfeiture verdict, the Government abandons criminal forfeiture and revives parallel civil case to perfect interest against third parties).

**Disposition of Ms. Fishoff's Petition**

On January 5, 2019, Susan Fishoff filed a motion to set aside forfeiture in the criminal case, *United States v. Steven Fishoff*, 15-cr-586 (Doc. No. 148). However, Fishoff's plea agreement provided that he would agree to forfeiture in the civil forfeiture case, and the settlement between Mr. Fishoff and Featherwood Capital forfeiting the three accounts was entered in the parallel civil forfeiture case—not the criminal case. (See 17-cv-5334, Doc. No. 8). The parallel civil forfeiture case was filed on July 21, 2017, well before Fishoff entered his guilty plea on March 9, 2018. Because the explicit terms of both Mr. Fishoff's plea agreement and the settlement settled the civil forfeiture case, rather than the criminal case, the government elects to continue the forfeiture process in the civil case.

To facilitate the adjudication of Ms. Fishoff's claim in the civil forfeiture case, the government has sent Ms. Fishoff and her counsel a notice letter that gives her 35 days from the date the letter is sent to file a claim and answer asserting her interest in the Defendants in rem in the civil forfeiture case. The procedures for doing so are explained in the notice and letter as required by Supplemental Rule G(4)(b). The process for adjudicating the rights of third parties in civil forfeiture actions is governed by governed by 18 U.S.C. § 983. Ms. Fishoff will therefore be entitled to litigate her claims and defenses in the civil forfeiture case.

        Respectfully yours,

        CRAIG CARPENITO
        United States Attorney

        s/ *Sarah Devlin*

        By:  SARAH DEVLIN
        Assistant U.S. Attorney

Cc: All Counsel (via ECF)

- 4 -